Jerry COLLINS, Plaintiff/Appellant,

v.

Clayton EDWARDS, et al.
Defendants/Appellees.

No. 04–1752.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 16, 2004.

Decided March 11, 2005.

Robert Alston Newcomb, Little Rock, AR, Lea Ellen Fowler, Turbeville & Fowler, Little Rock, AR, for Plaintiff–Appellant.

Michael R. Rainwater, Scott Paris Richardson, Jason E. Owens, Duncan & Rainwater, Little Rock, AR, for Defendants–Appellees.

Before MELLOY, BOWMAN, and BENTON, Circuit Judges.

PER CURIAM.

Jerry Collins sued Clayton Edwards and Jimmy Ervin under 42 U.S.C. § 1983, alleging Fourth Amendment violations after they searched his property without a warrant. The district court[1] concluded that the search was constitutional, granting summary judgment to defendants. This court reviews de novo the grant of summary judgment, viewing the facts most favorably to Collins. *Rose—Matson v. NME Hospitals, Inc.*, 133 F.3d 1104, 1107 (8th Cir.1998). Jurisdiction being proper under 28 U.S.C. § 1291, this court affirms.

Jerry Collins owned two parcels of land adjacent to each other with a common entry road. One parcel, at 102 Cindy Lane, contained two buildings—a residence and a detached three-sided outbuilding. Before the search at issue, Jerry

---

1. The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

Collins moved out of the residence at 102 Cindy Lane, stored some items in the outbuilding, and left the state. He intended to offer 102 Cindy Lane for rent.

The second parcel, at 114 Cindy Lane, was the residence of Collins's son, Shawn Collins, and Dianna L. Sweet. This residence is about 300 feet behind the one at 102 Cindy Lane. The outbuilding is about 75 feet to the "right" of the second residence, and thus also about 300 feet behind the first residence.

On February 22, 2002, the White County Sheriff Office received information that Shawn Collins and Sweet (who was on probation) were manufacturing methamphetamine at 114 Cindy Lane in the presence of children. Two officers went to check on the children's welfare. Arriving, they smelled the "strong odor of a meth lab." Around the same time, Sweet's probation officer arrived. The probation officer directed the officers to search the residence, believing this was authorized by Sweet's probation agreement. Officers found an operational meth lab and a handgun in trash cans at the front of the residence, and ammonia tanks at one corner of the residence. Various meth lab components were found at the residence.

Defendant Edwards then arrived at the scene, and learned what had been found. After all others left the scene, he continued to search the area around the 114 Cindy Lane residence and take pictures. Because the outbuilding "looked like" Shawn Collins and Sweet would control it, Edwards entered the outbuilding. Within the outbuilding, one area was completely enclosed, except that at least one wall had an opening of about 18 inches between the top of the wall and the ceiling. Using a ladder in the outbuilding, he looked into the opening and saw components of what appeared to be a meth lab. Edwards entered and searched the enclosure, after cutting an opening with a knife. Edwards and Ervin then removed meth lab components.

A few days after the search, Jerry Collins returned, allegedly discovering that items, other than those removed by Edwards and Ervin, were missing from the outbuilding. He then sued claiming that the officers unconstitutionally searched his property, and allowed an unknown third party to enter the outbuilding and steal various items.

Among his arguments to this court, Collins asserts that the search of the outbuilding violated the Fourth Amendment. A search without a warrant is legal when justified by both probable cause and exigent circumstances. *See United States v. Walsh,* 299 F.3d 729, 733 (8th Cir.2002). Probable cause exists when, given the totality of the circumstances, a reasonable person could believe there is a fair probability that contraband or evidence of a crime would be found in a particular place. *See Kleinholz v. United States,* 339 F.3d 674, 676 (8th Cir.2003). Exigent circumstances exist when there are emergency situations where there is a legitimate concern for the safety of individuals. *See United States v. Janis,* 387 F.3d 682, 687 (8th Cir.2004).

In this case, probable cause and exigent circumstances justified the search of the outbuilding. The smell of methamphetamine and the discovery of meth lab components were sufficient to establish the probable cause and exigent circumstances needed to justify a warrantless search. *See United States v. Caves,* 890 F.2d 87, 90–91 (8th Cir.1989); *Walsh,* 299 F.3d at 734. "The potential hazards of methamphetamine manufacture are well documented, and numerous cases have upheld limited warrantless searches by police officers who had probable cause to believe they had uncovered an on-going metham-

phetamine manufacturing operation." *Id.* It was reasonable for Edwards and Ervin to search the outbuilding because it was near the meth-making residence. The outbuilding showed signs of being used, and Edward's belief that the users were Shawn Collins and Sweet was reasonable since Collins's vacant house was 300 feet away. Once in the outbuilding, Edwards acted reasonably in cutting an opening into the enclosed area after looking over the wall and seeing materials used in drug production. The search of the outbuilding did not violate the Fourth Amendment.

Collins also contends that material facts are in dispute about the exigent circumstances surrounding the search of the outbuilding. Specifically, Collins asserts controverted facts as to: (1) whether Shawn Collins and Sweet had control of the outbuilding; (2) whether Edwards believed the outbuilding was part of the probationary search; (3) whether Edwards knew the property belonged to Jerry Collins; and (4) whether there was a chemical odor emanating from the outbuilding.

As for control of the outbuilding, the proximity to the meth-making residence makes immaterial who also had control of the outbuilding. The officers' belief that they were searching pursuant to the probation agreement is irrelevant if the facts otherwise support a constitutionally valid search. Edwards' inconsistent statements about the ownership of the outbuilding do not matter, because the key is the probability of use by a nearby resident, as opposed to an absentee landlord. While the meth odor supports probable cause and exigent circumstances, the fact that the odor did not emanate from the outbuilding is immaterial because the outbuilding appeared to be used by those in the adjacent residence.

The district court's grant of summary judgment is affirmed.